Honorable Claude A. Williams, Page 2

the correctness of our holding that the individual performing services in the leased departments which are the subject of the 'lease' agreement attached are in the employment of the lessor department store."

The definition of employment as found in Article 5221b, Section 17(g), Vernon's Annotated Civil Statutes, reads:

"(g) (1) 'Employment' subject to the other provisions of this subsection, means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied, provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission that such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact.

" . . . ."

We think it also pertinent to quote a portion of Article 5221b, Section 17(e):

" . . . Each individual employed to perform or to assist in performing the work of any agent or employee of an employing unit shall be deemed to be employed by such employing unit for all the purposes of this Act, whether such individual was hired or paid directly by such employing unit or by such agent or employee, provided the employing unit had actual or constructive knowledge of the work."

The exhibits attached to this request reflect contracts entered into between the X department store, lessor, with an individual, partnership and corporation for the operation of leased departments within the lessor store.

The contracts submitted are similar and purport to create a contract relationship between the contracting parties, specifically disavowing a joint venture or enterprise or a letting of space within the department store.

We are not concerned with the purpose or reason of the lessor in subletting or in leasing various departments within its store. But, we are called upon to determine whether the individuals engaged in employment in the various leased departments are performing services free from control or direction of the lessor department store.

For the purpose of this opinion it is necessary that certain facts, common to the contracts submitted, be reviewed in determining the control or right of control, had or exercised by the lessor over the individuals engaged in the leased departments. In the contract submitted between the X department store and Lillian Ferrell, we note the following stipulations pertinent to the examination of the relationship there existing. Party of the First Part, the lessor, reserves the right to: fix and enforce all rules and regulations of the operation of the store and the leased department; to control the appearance and the merchandise contained in the leased department; the right to examine and approve the advertising of the lessee; to fix the minimum amount of advertising done by the lessee during each year; to settle any complaints or disputes arising with the customers of said leased department and to make reasonable adjustment with such customer; to require the lessee to receive back any merchandise sold by said lessee that is returned by the customer; to control the personnel of the lessee by causing dismissal of any person or persons who are objectionable to the lessor.

The lessee covenants to employ sufficient personnel and properly conduct and carry on the business and to engage and control its employees and agents subject to the rules and regulations of the lessor; not to sell or allow to be sold in its department any merchandise other than that agreed upon in their contract; not to carry any merchandise the character of which is not satisfactory to the lessor; not to engage in any additional business other than that engaged in at the time of the signing of the lease contract without the permission of the lessor; to keep the appearance of its stock and department satisfactory to the lessor; not to sell any merchandise on credit except to such persons and in such amounts as the lessor shall first approve according to the methods of approval in vogue in that store; all accounts accruing on account of sales on credit shall be deemed to become and be the accounts of the lessor; not to permit any part of the space leased to remain vacant or unoccupied,

Honorable Claude A. Williams, Page 4

or interfere in any manner whatsoever with the ingress or egress of the employees of the lessor; not to interfere through the aisles or openings with the ingress or egress of the employees of the lessor or to permit any discourtesy to be shown them; that in spite of the binding obligations of the contract upon the lessee for a period of five years, the lessor may terminate the agreement upon ten day's notice for breach of any of the many stipulations provided in the contract.

The photostatic copy of the agreement entered into between X department store and another lessee discloses certain other restrictions placed upon the lessee. Among those restrictions we find the lessee must maintain and operate in a manner satisfactory to lessor a first-class high-grade department for the sale of certain merchandise; lessee agrees that its business shall to all outward appearances, except as to the creditors of the department, be conducted as a department of and under the trade name of the lessor, it being understood and agreed that this condition is one of the principle considerations of this contract; each C.O.D. or layaway sale is to be approved by the credit department of the lessor in the same manner as credit sales; all matters of dispute arising between the lessee and any of its customers and with respect to claims of any kind made by lessee's customers, lessor shall be the judge and its decision shall be final and binding upon lessee; the wives of the parties to the agreement shall be entitled to receive discounts made upon the purchases in any of the departments, but the wives of officers of lessor shall be entitled to discount in accordance with lessor's practice, the 20% discount limitation notwithstanding, that such sales to wives of officers of lessor shall be rent free; lessee may employ a manager for its business at its expense but the person employed as such manager shall, before his employment, be first approved by the lessor. Lessee shall also employ at its expense all alteration help for its department. All such persons shall before employment be approved by lessor, lessee shall not continue in its employment any person including its manager who is objectionable to lessor, any such employee or manager who shall at any time become objectionable to lessor be discharged.

Adverting to the wording of the statute defining employment and considering the restrictions placed in the contract between the lessor and lessee, it appears obvious to us that the lessor retained the right to control or direct the performances of the services rendered by the persons engaged in the departments of the lessees. The statute

Honorable Claude A. Williams, Page 5

requires that such individual shall be free from control or direction over the performance of their services, to be excluded from the definition of the term "employment". There are many cases in this state holding that the right to control rather than the exercise thereof determines whether one is an employee or an independent contractor. T. & N. O. Railway Co. vs. Rittiman, 87 S. W. (2d) 745. 23 Tex. Jur. pg. 546, 4 Tex. Law Review 107.

The facts supplied do not disclose that the lessor exercised a strict control over the performances of the services of the individuals in the leased departments, but under the contracts attached to your request clearly the right of control was retained by the lessor. We cannot visualize a more rigid supervision and control over employees than the right to cause termination of their services if not satisfactory to the lessor. The sales made by the individuals in the leased department on credit or by check must be approved by the lessor; they may not be discourteous to the lessor or any of its other personnel; the appearance, the arrangement, the quality and the display of merchandise by these individuals must meet with the approval of the lessor.

Article 5221b, Section 17(e) quoted in part provides that an individual falling within the definition of "employment", also quoted herein is deemed hired by an employing unit if controlled by it whether they were hired or paid directly by such employing unit or by such agent or employee providing the employing unit had actual or constructive knowledge of the work. Clearly the lessor had knowledge of the work done in the leased department as they approved the personnel of those departments.

We do not think it necessary to argue at length the terms of the contracts submitted. For in our opinion, the restrictions imposed upon the personnel of the lessee clearly refute the suggestion that they are free from control or direction of the lessor.

We have found a most recent ruling of the Bureau of Internal Revenue upon a similar situation, reported in the Unemployment Compensation Interpretation service, Federal Series supplement of March 15, 1941, as 501-F.F.T. 409. This fact situation disclosed that the M Company operated a leased department in the " Department Store engaging at all times at least ten persons in its department. Generally the M Company hired its own sales people and managerial help and paid their

remuneration. Their contract also required that the employees of the M Company must conform to the rules and regulations of the N Department Store.

The Internal Revenue Department there ruled that the N Department Store was the employer because it was apparent from the facts and the pertinent regulations that the primary right of direction and control over the performance of the services by the employees in the leased department was retained and exercised by the N Department Store. In exercising such control, the N Department Store was not acting as an agent of the M Company but was acting on its behalf as principal. Accordingly, the N Department Store was the employer and was liable for the social security and employment taxes based upon the wages of the persons performing services in the leased department of the N Department Store.

This ruling commented upon the fact that the employee was subject to the will and control of the N Department Store, not only as to what should be done but how it should be done, but that it was not necessary that the employer actually direct the performance of the services; it is sufficient if the right to control them is retained.

The facts in the above mentioned situation are similar and the ruling is directly in point in the matter before us in this opinion.

We are not passing upon the relationship of the parties under consideration except as to liability under the definition of employment in the Texas Unemployment Compensation Act.

We, therefore, advise you that the persons engaged in the performance of services in the leased departments of the lessor department store are performing services under the direction and control of the lessor store regardless of the legal character of the lessee. In our opinion there is the same liability for taxes on the wages of the persons engaged by the corporation as for those of a partnership or an individual.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges*

                Morris Hodges
                Assistant

APPROVED JUN 2 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [chairman initials]
CHAIRMAN

MH:mp